SHIVERS, Judge.
This is an appeal from a Department of Natural Resources order denying appellant’s petition for an administrative hearing pursuant to Section 120.57(1), Florida Statutes (1979). We affirm.
On February 5,1981, appellant, as a State citizen, filed a “Verified Petition and Complaint Pursuant to Section 403.412(5), Fla. Stat., For Formal Administrative Hearing Pursuant to Section 120.57(1), Fla.Stat., and Injunctive Relief Pursuant to Section 403.-412(2), Fla.Stat.” The petition alleged the State’s proposed 32 million dollar acquisition of Westlake, a tract in Broward County approved by appellees, did not qualify for the State’s environmentally endangered land (EEL) purchase program because it did not meet the legal criteria for the determination of an EEL parcel. Appellant contended the reports and evaluations prepared by the DNR staff assisting the Conservation and Recreation Land Committee (CARL), and other independent reports, factually established that Westlake did not meet the criteria for an EEL purchase.
The CARL program was created by Section 253.023, Florida Statutes (1979) for the purpose of recommending the acquisition of EELs by the State in order to preserve valuable and irreplaceable natural resources. The criterion and procedure for selection of EEL parcels was promulgated by appellees in Rule 16Q-2.05, Florida Administrative Code, which sets forth the seven steps for purchase evaluations which must be satisfied prior to a recommendation of acquisition by the CARL selection committee. Under Chapter 259, Florida Statutes (1979), the CARL selection committee is authorized to submit an annual evaluation of proposed EEL sites and to recommend the acquisition of such sites on a priority basis to the Governor and Cabinet sitting as the Board of Trustees of the Internal Improvement Trust Fund (Board). Prior to making a recommendation for the acquisition of an EEL parcel to the Board, DNR must hold a public hearing in the county in which the proposed land parcel is located and submit a report of the meeting to the Board along with the recommendation for acquisition. In turn, the Board shall approve in whole or in part the EEL list submitted by the Committee. Once the selection committee’s list is approved by the Board, DNR commences negotiations for the voluntary acquisition of the lands on the list. However, since the list of lands are only proposals and the negotiations voluntary, there is no certainty that a particular parcel will ultimately be acquired by the State.
*253 On December 16,1980, the Board met and considered the CARL Committee’s final priority acquisition list, which included the recommended purchase of Westlake. Appellant’s representative was present and argued to the Board that Westlake did not meet the legal requirements for Board consideration. However, the Board approved the proposed purchase. After considering appellant’s petition for a formal hearing and injunctive relief, DNR entered the appealed order on February 26, 1981, denying the petition on the following grounds:
A petition for a formal administrative hearing pursuant to Section 120.57(1) was premature in that the acceptance of the final report by the Governor and Cabinet resulted in no action which affected the substantial interest of any citizen or class of citizens in this determination.
Also, on the face of the pleadings the petitioner states no substantial interest whatsoever which would be affected by the action taken by the Governor and Cabinet in accepting and approving the C.A.R.L. Selection Final Report.
In summary the Department denies your petition for a 120.57(1), F.S., hearing and denies the complaint and petition for in-junctive relief on the grounds that there is no license or permit involved which would properly serve as final agency action for a 403.412 verified complaint challenge and there is no action, either already taken or pending which affects the petitioner’s substantial interests.
DNR correctly denied the petition for a Section 120.57 formal hearing because appellant alleged no special injury or substantial interest which would be affected by the Board’s acceptance of the CARL Committee’s proposed acquisition of Westlake. Section 120.57(1) applies only to Agency decisions which affect the substantial interests of a party. Section 120.52(10)(b), Florida Statutes (1979), defines a “party” as “any other person who, as a matter of constitutional right, provision of statute, or provision of agency regulation, is entitled to participate in whole or in part in the proceeding, or whose substantial interests will be affected by proposed agency action, and who makes an appearance as a party.” Rule 28-5.201(2)(b), Florida Administrative Code, requires that all petitions for formal administrative proceedings contain, among other things, an explanation of how a party’s substantial interests would be affected by the agency action. Based upon appellant’s petition below, he lacks the necessary standing to assert that he has a substantial interest which will be affected by the approved but tentative acquisition of West-lake. Appellant is neither the owner, nor adjacent owner, of any land in the Westlake parcel nor the owner of any land on the CARL Committee’s acquisition list with lower priority than Westlake, or the owner of land not on the list but which allegedly should be on the list.
Appellant’s attempt to use Section 403-412 as a springboard into a Section 120.57 proceeding is misplaced. Section 403.412 has not obviated the requirement that a citizen allege a special injury or allege the agency decision affects a substantial interest. Although Section 403.412(2) has done away with the requirement of showing a special injury required by the traditional rule of standing provided express conditions precedent are met, this statute only applies to suits to maintain an action for injunctive relief in circuit court. Florida Wildlife Federation v. State Department of Environmental Regulation, 390 So.2d 64 (Fla. 1980). There is no provision in Section 403.-412(2) authorizing a citizen to initiate and maintain a Section 120.57 proceeding without meeting the substantial interest test.
Contrary to appellant’s argument, Section 403.412(5) also does not authorize or allow a citizen to initiate a Section 120.57 proceeding without first meeting the substantial interest standing test. Section 403.412(5) provides:
In any administrative, licensing, or other proceedings authorized by law for the protection of the air, water, or other natural resources of the state from pollution, impairment, or destruction, the Department of Legal Affairs, a political subdivi *254 sion or municipality of the state, or a citizen of the state shall have standing to intervene as a party on the filing of a verified pleading asserting that the activity, conduct, or product to be licensed or permitted has or will have the effect of impairing, polluting, or otherwise injuring the air, water, or other natural resources of the state.
Section 403.412(5) does allow a citizen of the state to intervene as a party without meeting standing requirements in any “administrative, licensing, or other proceedings authorized by law for the protection of the air, water, or other natural resources of the state from pollution, impairment, or destruction.” However, appellant is not an intervenor but is attempting to maintain or initiate an administrative proceeding.
Even assuming Section 403.412(5) could be interpreted as authorizing appellant to initiate an administrative action, his petition still fails to meet the conditions precedent to bringing such an action. Section 403.412(5) applies to administrative, licensing, or other proceedings involving those agencies with power and authority over environmental permitting and licensing. Ap-pellees’ statutory power and authority is derived from Chapter 253 and Chapter 259 and does not include any licensing or permitting powers over activity, conduct, or products in the state. The approval of a proposed EEL acquisition under Section 253.023 is not a permit or license regulating an activity or particular human conduct, and does not even constitute final agency action. Appellees’ conduct only approved a proposed list of EEL acquisitions authorizing DNR to commence negotiations for the voluntary acquisition of the lands on the list.
Even assuming Section 403.412(5) can further be interpreted to include appellees’ approval of the proposed EEL acquisition list as a licensing or permitting proceeding, appellant’s verified petition is still deficient. Section 403.412(5) provides a citizen with standing to intervene as a party on the filing of a verified pleading “asserting that the activity, conduct, or product to be licensed or permitted has or will have the effect of impairing, polluting, or otherwise injuring the air, water, or other natural resources of the state.” Appellant’s petition fails to allege how the approval of the EEL acquisition list has or will have the effect of “impairing, polluting, or otherwise injuring the air, water, or other natural resources of the state.” Instead, the petition basically alleges Westlake does not meet the requirements of an EEL and should therefore not be on the proposed EEL acquisition list. It does not follow that the acquisition by the state of a particular parcel of land designated, whether correctly or incorrectly, as an EEL will then have the effect of impairing, polluting, or injuring the air, water, or other natural resources of the state.
Therefore, we affirm appellee’s denial of appellant’s petition for a formal administrative hearing and injunctive relief.
AFFIRMED.
BOOTH and LARRY G. SMITH, JJ., concur.