PER CURIAM.
Appellant asserts as error DNR’s issuance of a coastal construction control line permit to appellees without affording appellant a Section 120.57 hearing under the Administrative Procedures Act. We agree the permit was prematurely issued and reverse.
Appellees are in the midst of construction of a condominium on some beachfront property in Broward County. A controversy arose in 1981 concerning the appellees’ need for a construction control line permit pursuant to Section 161.053, Florida Statutes since the Broward County Construction Control Line became effective November 17, 1981. DNR determined that appellees were not exempt from the line restrictions and were not otherwise grandfathered in under the Department’s rules. The Billings *361 sought review of this determination and also filed an application for permit.
The DNR staff objected to the permit as applied for and based on these objections, recommended denial of the permit. At its meeting on March 16, 1982, the Governor and Cabinet[1] upheld the Department’s determination on the grandfather issue but deferred action on the staff recommendation to deny the permit. The staff was directed to work with appellees and to report back to the Cabinet at the next meeting with modifications to the permit application which would make it acceptable to the staff and allow a recommendation of approval. As directed, the staff drafted an agenda item for the April 6 Cabinet meeting recommending approval of the permit modified by the specific conditions mentioned in the item. Appellant, an association of adjacent property owners which had been a participant in the prior proceedings, agreed with the staff recommendation and did not oppose issuance of the permit subject to the conditions set forth in the staff recommendation.
At the April 6 Cabinet meeting, appellees urged a substitute motion for permit, application which contained different conditions than those recommended by the DNR staff. Just prior to the voice vote by the Governor and Cabinet, appellant’s attorney stated that if the vote was not in favor of the staff recommendation, then appellant intended to request a Section 120.57 hearing. The voice vote was not in favor of the staff recommendation, the Governor and Cabinet voting instead to grant appellees’ substitute permit application.
Appellant filed a request for an administrative hearing pursuant to Section 120.-57(1), Florida Statutes, on April 7, which was forwarded by the Executive Director of DNR to the DOAH, where it is now pending. DNR, taking the position it had no choice but to perform its ministerial duty of granting the permit after the Governor and Cabinet’s voice vote, entered a final order granting the permit on April 30.
The rule governing the procedure for processing coastal construction control line permits is Rule 16B-33.12, Florida Administrative Code. It requires DNR to provide notice to permit applicants and all persons requesting information of DNR’s intent to approve or deny a permit. The notice is to include the staff’s evaluation of a permit application, a statement of the time and place at which the application will be heard by the Cabinet aides and by the Governor and Cabinet and, finally, a statement that a hearing pursuant to Section 120.57, Florida Statutes, is waived unless requested within 14 days of receipt of the notice. In this case, appellant received notice of the staff recommendation of denial of the permit as applied for and of the substitute staff recommendation of approval of a modified permit on or about March 30, 1982. Appellant’s petition for a Section 120.57 hearing was filed on April 7, 1982, well within the 14 day period. Rule 16B-33.12(7).
Although as stated, appellant’s petition was timely filed, there is a further potentially complicating factor present in this case which merits discussion. Rule 16B-33.12(7) treats the DNR staff recommendation as the equivalent of a notice of intent of proposed final agency action for notice and waiver purposes. However, the final action taken is not always that which is proposed, as illustrated by the circumstances presented in this case. As occurred here, the Governor and Cabinet may override DNR’s staff recommendation and grant a permit with new and different conditions not theretofore contemplated by some or all of the parties. Rule 16B-33.-12(7) does not provide a clear point of entry for a party substantially affected by the action taken by the Governor and Cabinet under such circumstances. Capeletti Brothers, Inc. v. State, Department of Transpor- *362 tation, 362 So.2d 346 (Fla. 1st DCA 1978). Under the rule, a substantially affected party may find himself responding to the argument that he has waived a hearing, even though the need for a hearing did not arise until after the 14 day period within which it could have been requested.[2] Fortunately, because the notice containing the DNR substitute staff recommendation was received late by the appellant (March 30), appellant, once it learned that the Governor and Cabinet were not going to abide by the DNR staff recommendation with which appellant agreed and were going to allow the permit with allegedly less stringent conditions attached, was able to file its petition timely.
Nevertheless, appellees urge that appellant does not have standing to request a Section 120.57 hearing. The land surrounding Hillsboro-Windsor Condominium and the common areas of the building are owned by appellant association. Appellant, an adjacent property owner, has alleged that if appellees’ substitute permit is granted, its property will be eroded and destroyed. This sufficiently alleges appellant’s substantial interest in the outcome of these proceedings. Rule 16B-33.05(1), Florida Administrative Code. Greene v. State of Florida, Department of Natural Resources, 414 So.2d 251 (Fla. 1st DCA 1982), upon which appellees rely, is distinguishable. In Greene, the petitioner challenged the acquisition of a tract of land in Bro-ward County as part of the state’s environmentally endangered land purchase program but made no allegation whatsoever that he would be affected by the action taken by the Governor and Cabinet in accepting and approving the recommendation of acquisition. The petitioner therein was neither the owner, or adjacent owner, of any land in the Broward County parcel nor the owner of any land on the Committee’s acquisition list with a lower priority than Broward County parcel, or the owner of land not on the list which allegedly should have been on the list. Thus, this court affirmed DNR’s determination that the petitioner did not have standing.
The Governor and Cabinet’s action approving the substitute permit can be likened to a notice of intent to approve or deny a permit, which is characterized as merely a preliminary decision. Appellant’s subsequent and timely request for an administrative hearing initiated a de novo proceeding concerning appellees’ permit application. State Department of Transportation v. JWC Company, Inc., 396 So.2d 778, 786 (Fla. 1st DCA 1981). DNR’s issuance of a final order granting the permit is ineffective until the Section 120.57 proceedings are concluded and an order has been entered pursuant to Section 120.59, Florida Statutes. Capeletti Brothers, Inc. v. State, supra.
Accordingly, DNR’s action is reversed and the cause is remanded for proceedings consistent with this opinion.
ROBERT P. SMITH, Jr., C. J., and LARRY G. SMITH and WENTWORTH, JJ., concur.

. The Governor and Cabinet act as the head of the Department of Natural Resources pursuant to Section 20.25, Florida Statutes (1981).

. Appellees argue in this case that appellant waived a Section 120.57 proceeding because appellant did not file its petition within 14 days of the date it received notice of the agenda item for the March 16 cabinet meeting recommending denial of the permit. We are not persuaded by this argument and instead determine the March 30 date to be applicable for notice purposes in keeping with our expressed inclination to resolve such disputes in favor of the affected party. Capeletti, supra at 348.