441 So.2d 1109 (1983)
MANASOTA-88, INC., and Booker Creek Preservation, Inc., Appellants,
v.
DEPARTMENT OF ENVIRONMENTAL REGULATION and Gardinier, Inc., Appellees.
No. AQ-480.
District Court of Appeal of Florida, First District.
November 8, 1983.
*1110 Thomas W. Reese, St. Petersburg, for appellant Manasota-88, Inc.
Peter B. Belmont, St. Petersburg, for appellant Booker Creek Preservation, Inc.
William W. Deane, Asst. Gen. Counsel, Dept. of Environmental Regulation, Tallahassee, for appellee Department of Environmental Regulation.
Robert L. Rhodes, Jr., and Lawrence E. Sellers, Jr., of Holland & Knight, Lakeland, for appellee Gardinier, Inc.
Stephen W. Metz, Tallahassee; Robert M. Rhodes & Terry E. Lewis, Tallahassee, for appellee, amicus curiae.
WENTWORTH, Judge.
Appellants are private, non-profit environmental protection corporations that filed a joint petition with the Department of Environmental Regulation requesting party status in the non-adversary, free-form licensing proceedings between DER and Gardinier Inc. DER denied the request, and we affirm.
Gardinier owns and operates a phosphoric chemical plant in Hillsborough County at the mouth of the Alafia River. It is currently proposing major modifications to the plant and has filed numerous permit applications pursuant to the licensing provisions of § 120.60. DER has not yet issued a notice of proposed agency action on those applications. Fla. Admin. Code Rule 17-1.62.
Appellants derive their theory of entitlement to intervene at this stage from several statutory provisions. First, § 120.60(2) which provides in part that:
When an application for a license is made as required by law, the agency shall conduct the proceedings required with reasonable dispatch, ...
Second, § 120.52(8), which provides:
(8) "Licensing" means the agency process respecting the issuance, denial, renewal, revocation, suspension, annulment, withdrawal, or amendment of a license or imposition of terms for the exercise of a license.
Appellants interpret the quoted statutes as providing that licensing proceedings commence when an application for permitting is filed. Appellants then assume such is the case and assert that § 403.412(5) is a provision bestowing party status upon them by the definition found in § 120.52(10)(b).[1] Section 403.412(5) provides:
(5) In any administrative, licensing, or other proceedings authorized by law for the protection of the air, water, or other natural resources of the state from pollution, impairment, or destruction, the Department of Legal Affairs, a political subdivision or municipality of the state, or a citizen of the state shall have standing to intervene as a party on the filing of a verified pleading asserting that the activity, conduct, or product to be licensed or permitted has or will have the effect of impairing, polluting, or otherwise injuring the air, water, or other natural resources of the state. (e.s.)
Since appellants have filed a pleading asserting that Gardinier's proposed activities will have the effect of impairing, polluting, or otherwise injuring the state's environment, they argue that their request for party status should be granted.
In defending its denial, DER relies heavily upon this court's recent opinion in Greene v. Department of Natural Resources, 414 So.2d 251 (Fla. 1st DCA 1982). According to DER, appellants are attempting to use Chapter 403 to initiate a § 120.57 proceeding which is prohibited by Greene. While we affirm the denial of the request for *1111 party status at this stage of the activity between DER and Gardinier, we find DER's interpretation of Greene to be unnecessarily broad as discussed more fully below.
We affirm the denial of the petition because we discern no legislative intent in § 403.412(5) to permit intervention during the free-form, informal process between the time an application is filed and the notice of proposed agency action is issued. If the proposed agency action is to deny the applications, and the applicant does not request further proceedings under Chapter 120, there will be no activity "to be licensed or permitted." Conversely, until an agency proposes to issue a license or permit, it cannot be said that the objectionable activity is "to be licensed or permitted" as required by § 403.412(5). Thus, licensing proceedings do not commence for purposes of § 403.412(5) until DER issues its notice of proposed action.
In the event that the Department does propose to issue the permits to Gardinier, § 403.412(5) would appear to be a statutory provision entitling appellants to participate as a party in the proceedings under § 120.52(10)(b), including initiationof a § 120.57 hearing. Greene holds only that a citizen may not in reliance on § 403.412(5) initiate a § 120.57 hearing when there is no licensing or permitting proceeding involved, or when there is an absence of the statutorily required allegations with respect to injury to the environment. It does not follow that a citizen is precluded from initiating § 120.57 proceedings when the department does propose to proceed with the granting of licenses or permits. When an entity meets the standing requirements of § 403.412 and achieves party status, the statutory scheme would generally if not always permit a determination that the substantial interests of the parties will be affected by the proceedings. The cited provisions should accordingly be construed so that upon notice of proposed agency action which allegedly has or will have an effect of impairing, polluting, or otherwise injuring the natural resources of the state a party may intervene and initiate further proceedings by filing the appropriate verified petition in accordance with § 403.412(5).
The order denying appellants' request for party status in the non-adversary proceedings is affirmed.
LARRY G. SMITH and JOANOS, JJ., concur.
NOTES
[1] (10) "Party" means:

. . . . .
(b) Any other person who, as a matter of constitutional right, provision of statute, or provision of agency regulation, is entitled to participate in whole or in part in the proceeding, or whose substantial interests will be affected by proposed agency action, and who makes an appearance as a party.