# L.R., STUDENT, A MINOR CHILD v. DEPARTMENT OF STATE, DIVISION OF ARCHIVES

Case No. 84-2707

State of Florida, Division of Administrative Hearings

March 8, 1985

### APPEARANCES OF COUNSEL

**Mitchell A. Horwich** and **Daniella S. Levine,** Legal Services of Greater Miami, Inc., for petitioner.

**James V. Antista,** Senior Attorney, Department of State, for respondent.

**Elizabeth J. DuFresne, DuFresne and Bradley,** for intervenor, United Teachers of Dade.

**Phyllis O. Douglas** for The School Board of Dade County.

### OPINION

### RECOMMENDED ORDER

ROBERT T. BENTON II, Hearing Officer.

184

This matter comes on for consideration on respondent's motion to dismiss petition for administrative hearing and memorandum of law in support of motion to dismiss, and petitioner's response to respondent's motion to dismiss. The parties are represented by counsel.

These proceedings began when counsel for L.R. filed a petition for formal hearing pursuant to Fla. Stat. Section 120.57(1). The petition was filed with the Department of State and referred to the Division of Administrative Hearings for hearing. For present purposes, all matters well pleaded in the petition are assumed true. The petition calls into question the propriety of a letter issued by respondent's Division of Archives approving a retention schedule for certain personnel records maintained by Dade County School Board (the school board). Without objection the school board and a teachers' union, United Teachers of Dade, FEA/United, AFT, Local 1974, AFL-CIO (UTD) were subsequently granted leave to intervene. For present purposes, the following allegations of the petition are

## ASSUMED FACTS.

The State of Florida, Department of State, Division of Archives received a Request for Records Retention Schedule from the Dade County School Board. This request is dated March 30, 1984.

The School Board's request contemplates the destruction of personnel investigative files presently in their possession. Dade County School Board requested the approval of this Retention Schedule pursuant to Fla. Stat. Section 267.051(5).

The Division of Archives held an informal meeting of concerned parties on May 8, 1984, in their offices in Tallahassee, Florida, to discuss the Retention Schedule.

On June 25, 1984, the Division of Archives issued a letter approving the Dade County School Board's Records Retention Schedule, with one amendment.

The Dade County School Board was advised to prepare and submit a Notice of Intent to Destroy Scheduled Records (hereinafter Records Destruction Request) (form 107) to the Division of Archives prior to the destruction of the scheduled records.

. . . . . . . . . . . .

Petitioner, L.R., is a minor child presently attending Dade County Public Schools. L.R. is 12 years of age and enrolled in the 6th grade. He has been enrolled in the Dade County Public Schools since kindergarten and in that period has been determined to be in need of exceptional student education. During the course of Petitioner's enroll-

185

ment in the Dade County Public Schools, his mother has on several occasions requested reconsideration of her child's academic placement. Petitioner's mother contended that L.R. had been improperly diagnosed and improperly placed in his academic programs.

As a result of Petitioner's misplacement in school programs, his educational achievement has been delayed and his ability to behave appropriately in a school setting has deteriorated.

At the request of Petitioner's mother, counsel for Petitioner is presently involved in advocating on his behalf for an appropriate educational placement in the Dade County Public Schools.

School Board personnel have been involved in the diagnosis and placement of Petitioner since he first enrolled in the Dade County Public Schools.

If Petitioner's educational needs continue to be inadequately addressed by the Dade County Public Schools, then Petitioner's mother will proceed to investigate School Board personnel involved in her child's educational program. This investigation would be conducted as part of litigation to enforce Petitioner's right to an appropriate education under 20 U.S.C. Section 1400 et seq. and Fla. Stat. Section 230.23(4)(m).

The investigation will include a review of complaints lodged by other students or parents against those Dade County School Board personnel involved in L.R.'s educational program.

Petitioner's ability to enforce his right to an appropriate education would be substantially affected by the destruction of personnel investigative files.

Petitioner also seeks to exercise his right to monitor the actions of the Dade County Public Schools. Petitioner is specifically concerned about the manner by which the Dade County Public Schools staff respond to parent complaints regarding school personnel.

Accordingly, Petitioner requested counsel to intervene on his behalf in rulemaking proceedings before the Dade County School Board concerning Procedures for Personnel Files, School Board Rule 6Gx13-4-1.03.

The proposed rule included a provision to seek permission from the Division of Archives to destroy personnel investigative files. Records of unsubstantiated charges would be destroyed after five years. Records of substantiated charges would be destroyed after a ten year infraction-free period.

186

The proposed rule was adopted by the Dade County School Board on March 21, 1984.

Counsel subsequently notified Respondent of its intention to intervene to oppose the Dade County School Board's Request for Records Retention Schedule before the Division of Archives.

The substantial interests of the Petitioner have been affected by the Dade County School Board rule and by the Division of Archives' approval of the Retention Schedule.

Personnel investigative records have legal, administrative and fiscal value beyond the time period designated for their retention by Dade County School Board Rule 6Gx13-4-1.03. This ultimate fact is the basis for Petitioner's Request for Hearing pursuant to Fla. Stat. Section 120.57(1).

Records of charges against personnel which have been substantiated by School Board investigations have legal, administrative and fiscal relevance beyond ten years. The destruction of these records will preclude investigation of School Board personnel who were involved in educational decisions affecting public school students.

Records of unsubstantiated charges have legal, administrative and fiscal relevance beyond a five year period.

Children are often the sole witnesses to incidents of abuse, neglect, of incompetence in the classroom which may form the basis for charges against a Dade County School Board employee. If another adult has no personal knowledge of the incident, the charges may not be substantiated. Although one charge standing on its own may not prove relevant, a series of such unsubstantiated charges has probative value in the review of a School Board personnel record.

Students and their parents may not be aware that they have been improperly placed or educated in the Dade County Public Schools until late in their academic careers or even after the child completes his Dade County Public School education.

Parent complaints may not be adequately investigated by School Board personnel or may be inappropriately handled. Parents have a legitimate interest in monitoring the School Board's handling of these complaints.

Petitioner contends that the investigative files which the Dade County School Board proposed to destroy have lasting legal, administrative and fiscal significance, pursuant to Fla. Stat. Section 267.051(5).

Investigative files are relevant beyond the period a School Board

187

employee continues in service to the Dade County Public Schools. These records are vital for discovery and investigative purposes and are highly probative as to any possible abuse, neglect, or incompetent instruction suffered by students in the public school system.

The Dade County School Board is already under an obligation to preserve certain parts of their personnel files for 75 years after the employee's termination of employment with the Dade County Public School system. Fla. Stat. Section 231.291(3)(a)(1), and *General Records Schedule for Florida School Districts*, BT-4, Division of Archives, October, 1981, item 109, page 15.

Because these investigative files are public records pursuant to Fla. Stat. Section 231.291, the files are subject to access by any person at any time pursuant to Fla. Stat. Section 119.01.

Only the Legislature may create exceptions to the public records law, and the Florida Legislature has failed to create such an exception for investigative personnel files.

The Division of Archives acted beyond its authority and in violation of relevant state statutes, when it approved the Dade County School Board's Request for Records Retention Schedule.

The Division of Archives operated pursuant to statutory and administrative rules which do not provide criteria upon which the agency can determine whether a document has "sufficient administrative, legal or fiscal significance to warrant further retention by the agency." Fla. Stat. Section 267.051(5).

The Division of Archives failed to provide reasons for its decision of June 25, 1984 which affects Petitioner's substantial interests . . . .

Attached to the petition is a copy of Randall Kelley's letter to Eduardo A. Tella, dated June 24, 1984, which reads:

This is to advise you of the action taken by the Division of Archives, History and Records Management of your Records Retention Schedule number 146.

After review of legal, fiscal, administrative and archival value, the Division concurs with the recommended retention of the Dade County School Board with one amendment to item 1b as noted on your schedule.

Let me remind you that destruction of these records cannot occur until all requirements of the schedule have been met and a *Records Destruction Request* (form 107) has been submitted and approved by the Division.

188

If you have any further questions, please do not hesitate to contact me.

Mr. Tella is a school board employee.

## CONCLUSIONS OF LAW

Respondent's motion to dismiss petition for administrative hearing raises more than one ground, but it is only necessary to reach the contention that respondent's approval of "a record retention schedule constitutes *non-final* agency action." Memorandum of Law In Support of Motion to Dismiss, P. 2. The governing statute provides:

(5) Each agency shall submit to the division in accordance with the rules of the division a list or schedule of records in its custody that are not needed in the transaction of current business and that do not have sufficient administrative, legal, or fiscal significance to warrant further retention by the agency. Such records shall, in the discretion of the division be transferred to it for further retention and preservation, as herein provided, or may be destroyed upon its approval.

(6) No record shall be destroyed or disposed of by any agency unless approval of the division is first obtained. The division shall adopt reasonable rules not inconsistent with this chapter which shall be binding on all agencies relating to the destruction and disposal of records. Such rules shall provide but not be limited to:

(a) Procedures for complying and submitting to the division lists and schedules of records proposed for disposal.

(b) Procedures for the physical destruction or other disposal of records.

(c) Standards for the reproduction of records for security or with a view to the disposal of the original record.

Section 267.052, Florida Statutes (1983).

Adopted pursuant to the statute and not challenged here are respondent's rules specifying the procedure for obtaining approval of record retention schedules and the separate, subsequent procedure that must be followed before records can actually be destroyed. Rule 1A-24.10, Florida Administrative Code, provides:

(1) Notwithstanding an approved retention schedule or general schedule, prior to destruction of any public record, an agency must submit a Notice of Intent to Destroy Scheduled Records (Form DS-RM 107).

189

(2) Form DS-RM 107 (and when needed, continuation sheet DS-RM 108) shall be completed and signed by the custodian of the records and submitted to the Division for approval.

(3) No public record may be destroyed unless approval to destroy has been received from the Division.

(4) After processing, the request will be returned to the agency indicating approval, approval with technical changes, or disapproval.

Approval of a request to destroy records is not ministerial. Petitioner alleges:

This Petition for hearing is filed at this time because the destruction of these records has been authorized by the Division of Archives, and the School Board has merely to submit a Records Destruction Request for perfunctory approval prior to the destruction of these records.

But this allegation is an erroneous statement of the applicable law. Respondent's rules contemplate a full review of the legality and propriety of the retention schedule, as well as consideration of whether the intended destruction of records conforms to the schedule:

Division Criteria for Approval of Notice of Intent to Destroy Scheduled Records. Each Form DS-RM 107 "Notice of Intent to Destroy Scheduled Records" submitted for approval will be reviewed to ensure that:

(1) The request is properly signed by the custodian;

(2) An approved retention schedule or general schedule exists for the record series;

(3) The dates requested for destruction do not conflict with the established schedule;

(4) The applicable schedule is not in conflict with the requirements of any law or any other relevant and appropriate information before the Division;

(5) The Auditor General's Office has no objection.

Rule 1A-24.11, Florida Administrative Code.

Only after the school board has issued its notice of intent to destroy scheduled records have matters progressed to a stage at which persons may be substantially affected.

Here as in *Manasota-88, Inc. v. Department of Environmental Regulation*, 441 So.2d 1109 (Fla. 1st DCA 1983), petitioner is not entitled to "intervention during the free-form, informal process between

190

the time an application is filed and the notice of proposed agency action is issued." At 1111. If and when the school board gives notice of intent to destroy scheduled records, persons substantially affected by the proposed records' destruction will have an opportunity to invoke the formal administrative process by filing a petition pursuant to Section 120.57(1), Florida Statutes (1984 Supp.).

It is, accordingly,

RECOMMENDED;

That respondent dismiss the petition for formal administrative hearing pursuant to Fla. Stat. Section 120.56(1).

## FINAL ORDER

On June 25, 1984, The Department of State, Division of Archives, History and Records Management ("Division of Archives"), approved, with modification, a records retention schedule submitted by the Dade County School Board. The Department acted pursuant to its authority under Section 267.051, Florida Statutes, to administer a program for maintenance, retention and disposal of records. The Petitioner L.R. served a Petition for Formal Hearing on the Department on July 13, 1984, challenging the approval of this schedule. The Petition for Formal Hearing was referred to the Division of Administrative Hearings by letter dated July 20, 1984.

The Department filed a Motion to Dismiss the Petition for Hearing pending before the Hearing Officer. The Petitioner filed a response to the Motion to Dismiss. On March 8, 1985, Hearing Officer Robert Benton issued a Recommended Order that granted the Department's Motion to Dismiss and recommended that the Petition for Formal Hearing be dismissed. The Petitioner has submitted timely exceptions to the Hearing Officer's Recommended Order.

Having reviewed the complete record of this case, pursuant to Section 120.57(1)(b)9, Florida Statutes, including all motions, pleadings, and orders in the Administrative Hearing file and all correspondence in the Department's retention schedule, correspondence, and litigation files, and having reviewed the Assumed Facts, Conclusions of Law and Recommended Order of the Hearing Officer, the Department of State enters the following Order, which rejects certain "assumed facts" in the Recommended Order, adopts others, and adopts the Hearing Officer's Conclusions of Law.

## FINDINGS OF FACT

The Hearing Officer did not conduct an evidentiary hearing in this

191

case; instead he granted the Division of Archives' Motion to Dismiss. The Hearing Officer made no findings of fact in his Recommended Order, but did, for purposes of the Motion, consider *all* allegations of the Petition for Administrative Hearing to be "Assumed Facts" or well pled. The assumed fact set forth below are completely unsupported by competent substantial evidence; some of these assumed facts are, in reality, conclusions of law. Accordingly, having reviewed the complete record in this case, the Department rejects the following statements of assumed facts:

—That Petitioner's ability to enforce his right to an appropriate education would be substantially affected by the destruction of personnel investigative files.

—That the substantial interests of the Petitioner have been affected by the Dade County School Board rule and by the Division of Archives' approval of the Retention Schedule.

—Personnel investigative records have legal, administrative, and fiscal value beyond the time period designated for their retention by Dade County School Board Rule 6Gx13-4-1.04. This ultimate fact is the basis for Petitioner's Request for Hearing pursuant to Section 120.57(1), Florida Statutes.

—Records of charges against personnel which have been substantiated by School Board investigations have legal, administrative, and fiscal relevance beyond ten years. The destruction of these records will preclude investigation of School Board personnel who were involved in education decisions affecting public school students.

—Records of unsubstantiated charges have legal, administrative, and fiscal relevance beyond a five year period.

—Petitioner contends that the investigative files that the Dade County School Board proposes to destroy have lasting legal, administrative and fiscal significance, pursuant to Section 267.051(5), Florida Statutes.

—Because these investigative files are public records pursuant to Section 231.291, Florida Statutes, the files are subject to access by any person at any time pursuant to Section 119.01, Florida Statutes.

—The Division of Archives operated pursuant to statutory and administrative rules that do not provide criteria upon which the agency can determine whether a document has "sufficient administrative, legal, or fiscal significance to warrant further retention by the agency". Section 267.051(5), Florida Statutes.

—The Division of Archives failed to provide reasons for its decision of June 25, 1984 which affects Petitioner's substantial interests. . . .

The above-cited "assumed facts" are taken verbatim from the allegations of the Petition For Formal Hearing. As mere allegations, these statements cannot be elevated to facts, since there has been no formal administrative hearing in which factual disputes can be litigated and findings of fact established by the Hearing Officer. Moreover, the Petitioner's standing to seek administrative review of a records retention schedule has not been ruled upon by the Hearing Officer and therefore any statements or assumed facts relating to standing in the Recommended Order are premature and accordingly are rejected.

Several of the assumed facts relate to the substantive issue of the retention schedule. The Hearing Officer has not addressed the substantive issue of whether the documents referred to the Petition have any legal, fiscal, archival, or administrative significance to L.R. so as to warrant further retention and therefore any statements or assumed facts regarding this issue are unsupported conclusions of law and are also premature. Accordingly such assumed facts are rejected. Moreover, several of the assumed facts are conclusions of law. They too are rejected.

Assumed facts in the Recommended Order that relate to the Conclusion of Law that the Division has not taken final agency action are hereby adopted and incorporated by reference to the Final Order.

## RULINGS ON EXCEPTIONS

Petitioner's Exceptions 2, 3, and 4 relate to the question of standing. In essence, Petitioner argues that the assumed facts in the Hearing Officer's Recommended Order are findings of fact that support the legal conclusion that L.R. is a substantially affected person so as to have standing under Chapter 120, Florida Statutes. In light of the Department's rejection of all assumed facts relating to the issue of standing, the above-stated exceptions are rejected as without merit. The Hearing Officer made no conclusions of law or recommendations that the Petitioner was a person whose substantial interests were being determined so as to impart standing to challenge final agency action under Chapter 120, Florida Statutes. To the contrary, the Hearing Officer states that the Department has not taken a final agency action that has affected a substantial interest. Any assumed facts on the issue of standing are unsupported by competent substantial evidence and are irrelevant to the conclusions reached by the Hearing Officer that there

**193**

has been no final agency action that is subject to the administrative process.

Exceptions 5, 6, 7, and 8 are directed to the Hearing Officer's conclusion that the approval of a record retention schedule constitutes non-final agency action. For the reason set forth in the Hearing Officer's Conclusions of Law, which the Department adopts *in toto*, these exceptions are rejected as without merit. The approval of A Notice of Intent to Destroy Scheduled Records is not a ministerial or automatic act. The Division of Archives will not approve the destruction of any records until the thorough review required by Florida Administrative Code Rule 1A-24.11 is completed; the Division of Archives must review a request to destroy records to ensure that "the applicable schedule is not in conflict with the requirements of any law or any other relevant and appropriate information before the Department". The rules require more than a ministerial review; the Department may consider any relevant and appropriate information relating to the Request for Destruction and is authorized to withhold approval of destruction of records where required by law, judicial action, or other compelling reason.

Additionally in Exception 8, Petitioner also states that there is no statutory bar to the review of non-final agency action, conceding that the approval of the retention schedule is a non-final agency action. Petitioner has overlooked a substantial body of jurisprudence which states that a person may invoke the formal administrative process only when a matter ripens into a stage of proposed agency action that has or will have an effect on the substantial interests of the person. *Manatee County v. Florida Department of Environmental Regulation*, 429 So.2d 360 (Fla. 1983); *Manasota—88, Inc. v. Department of Environmental Regulation*, 441 So.2d 1109 (Fla. 1st DCA 1983); *Friends of the Everglades, Inc. and Izzak Walton League v. South Florida Regional Planning Council and City National Bank of Miami*, 9 FLW 1454 (Fla. 3rd DCA 1984).

Exception 9 argues that the Respondent Department had "instructed" the Petitioner to seek administrative review of the record retentions schedule and then sought to dismiss that review before the Division of Administrative Hearings. This is incorrect. The letter of Randall Kelley, Director of the Division of Archives, dated April 23, 1984, invites the Legal Services of Greater Miami to participte, on behalf of the child L.R., in an informal meeting with the Division regarding the school board's proposed retention schedule. Invitations were also sent to others, including the Miami Herald, State Representa-

194

tive Dexter Lehtinen, The United Teachers of Dade, FEA/United, AFT, Local 1974, and representatives of the Dade County School Board. The Division provided these persons and organizations with the opportunity to meet informally and offer information to the agency concerning a broad spectrum of policy concerns that may affect the proposed retention schedule. However a person who participates in such a proceeding by permission of an agency may not necessarily possess any interests that are adversely or even substantially affected by the proposed action. Therefore, the Department is not now estopped to render a final order dismissing the Petition for Formal Hearing merely because it gave the Petitioner an opportunity to express its views at an informal meeting. *Daniels v. Florida Parole and Probation Commission*, 401 So.2d 1351 (Fla. 1st DCA 1981). Exception 9 is without merit and is rejected.

### CONCLUSIONS OF LAW

The Hearing Officer's Conclusions of Law are hereby approved and adopted.

WHEREBY IT IS HEREBY ORDERED AND ADJUDGED:

That the Petition for Formal Administrative Hearing pursuant to Section 120.57(1), Florida Statutes, is denied.

DONE AND ENTERED this 7th day of June 1985 in Tallahassee, Florida.