# SADOUSKY v TAYLOR COUNTY BOARD OF COUNTY COMMISSIONERS AND DEPARTMENT OF ENVIRONMENTAL REGULATION

Case No. 86-0010

State of Florida, Division of Administrative Hearings

May 20, 1986

## APPEARANCES OF COUNSEL

**Silvia Morell Alderman** and **Martin R. Dix, Swann and Haddock, P.A.,** for Taylor County Board of County Commissioners.

**Douglas H. MacLaughlin** for Department of Environmental Regulation.

**Randall E. Denker** for Jack Rudloe and Gulf Specimen Co., Inc.

## OPINION

ROBERT T. BENTON, II, Hearing Officer.

### ORDER CLOSING FILE

Taylor's County motion to dismiss came on for hearing in Tallahassee, Florida before Robert T. Benton, II, Hearing Officer of the

Division of Administrative Hearings on May 15, 1986. Petitioner, Robert T. Sadousky, having withdrawn his petition for hearing, did not appear in person or through counsel. The other parties appeared through counsel.

These proceedings began on December 11, 1985, when the Department of Environmental Regulation (DER) received a hand-written petition for administrative hearing from Robert T. Sadousky. In accordance with Section 120.57(1)(b)3., Florida Statutes (1985), DER transmitted the petition to the Division of Administrative Hearings for hearing. Randall E. Denker later entered an appearance as counsel for Mr. Sadousky.

On April 22, 1986, petitioner Sadousky, through his counsel, served notice of voluntary dismissal. The notice reached the Clerk of the Division of Administrative Hearings on April 24, 1986, where it was stamped in at 1:13 p.m.

Forty minutes later at 1:53 p.m., on April 24, 1986, the Clerk of the Division of Administrative Hearings stamped in the petition for intervention filed by Gulf Specimen Company, Inc. and Jack Rudloe. Taylor County met this petition for intervention with a motion to dismiss on grounds the petition was not timely filed, and on grounds the petitioners "factually lack standing to intervene." Except as to the latter ground, DER has joined in the motion to dismiss.

At the hearing on its motion to dismiss, Taylor County produced a letter from Mr. Sadousky to DER's Secretary, Victoria J. Tschinkel, dated April 24, 1986, stating:

I would like to withdraw my objection to the dredging of the Keaton Beach-Cedar Island project. After finding out the truth about the project, I advised my attorney on April 8th, again on April 12th, and demanded of her on April 21st to withdraw my objection within twenty-four hours.

But, such communications between Mr. Sadousky and his counsel could not serve to conclude or otherwise to affect the status of the formal proceeding he initiated by the filing of his petition.

Once the notice of voluntary dismissal was filed with the Division of Administrative Hearings, however, the form proceeding came to a close. By analogy to Rule 1.420(a), Florida Rules of Civil Procedure, it might be argued that service of the notice of dismissal ended the proceeding. But that need not be decided in this case, since the petition for intervention was filed after the notice of voluntary dismissal was filed. Because the only party who filed a timely petition for hearing had definitely withdrawn it before the petition to intervene was filed or

228

ruled upon, the petition for intervention is moot. There is no longer a formal proceeding into which intervention may be had. *Cf. Greene v. State of Florida Department of Natural Resources*, 414 So.2d 251 (Fla. 1st DCA 1982). An intervenor takes the case as he finds it. E.g., *Coast Cities Company, Inc. v. Dade County*, 178 So.2d 703, 706-07 (Fla. 1965).

This is not a case where Mr. Rudloe, Gulf Specimen Company, Inc. or some other third party objector, aside from Mr. Sadousky, had already been granted party status as an intervenor. In such a case withdrawal of the original petition could not defeat the rights of other parties or extinguish the formal proceeding. *See Upjohn Healthcare Services, Inc. v. Department of Health and Rehabilitative Services and Northwest Florida Home Health Agency, Inc.*, Nos. 83-3247 and 84-1144 (HRS: July 3, 1985) *appeal docketed* No. BN-479 (Fla. 1st DCA; July 22, 1985). In the present case the formal proceeding was over before the would-be intervenors petitioned for party status. This case differs from *Florida Medical Center v. Department of Health and Rehabilitative Services*, 484 So.2d 1292 (Fla. 1st DCA), where a stipulation embodied the agency's original decision to grant the application.

Rudloe and Gulf Specimen Company, Inc., also argue that their petition for intervention should be treated as an original petition for formal proceeding. Under this alternative theory, they contend that the petition is timely as an initiating petition, even though filed well after the fourteen-day period following publication of DER's notice of intent to grant Taylor County's application. They assert they are not bound by the publication, because the notice was published in Taylor County, where the project is to be undertaken, and not in Wakulla County, where they live and are headquartered. They seek leave to amend to allege that they filed within fourteen days of receipt of actual knowledge. But DER's Rule 17-103.150, Florida Administrative Code, clearly cuts off their rights to initiate a formal proceeding at this late date, regardless of when they received actual knowledge. *See Santa Fe Lake Dwellers Association, Inc. v. Department of Environmental Regulation*, No. 85-4446 (DOAH; April 14, 1986).

Finally, counsel for Mr. Rudloe and Gulf Specimen Company, Inc., alleged orally in argument on the motion to dismiss that her former client, Mr. Sadousky, had withdrawn his petition on account of intimidation and threats made by Taylor County. These allegations were emphatically denied.

In answer to specific inquiry by the hearing officer, Ms. Denker

229

advised that Mr. Sadousky did not seek reinstatement of his petition. Even if these serious allegations could be proven, therefore, they would afford no basis for the grant of the petition filed on behalf of Mr. Rudloe and Gulf Specimen Company, Inc., whether viewed as a petition to initiate a formal proceeding or as a petition to intervene in the proceeding that ended when Mr. Sadousky withdrew his petition for formal proceeding.

It is, accordingly,

ORDERED:

The file opened in this matter by the Division of Administrative Hearings is hereby closed.

DONE AND ENTERED this 20th day of May, 1986, at Tallahassee, Florida.