PER CURIAM.
Friends of the Everglades, Inc. and Pamela Beryl Pierce (petitioners) appeal a final order of the respondent Department of Community Affairs (Department) denying their petition for formal administrative hearing filed pursuant to section 120.57(1), Florida Statutes (1983). The issue is whether the Department’s decision to enter *263 into an organizational study of future development in North Key Largo constituted a “proceeding” in which their “substantial interests” were determined, thus entitling them to a formal administrative hearing pursuant to Chapter 120. We affirm.
The North Key Largo Habitat Conservation Plan Study Committee was created by executive order of Governor Graham (Executive Order 84-157, September 4, 1984). The Committee’s purpose was to arrive at an agreement with participating agencies, groups and individuals (including land owners, representatives of Monroe County, Office of the Governor, Department of Community Affairs, Department of Natural Resources, Department of Environmental Regulation, Florida Game and Fresh Water Fish Commission, and “other interested individuals or agencies”), to establish a habitat conservation plan (HCP) for preservation of the habitats of certain endangered species found in the area.
In furtherance of the tasks assigned in the order, the participants entered into a “memorandum of undertaking” (MOU), stating as its objective:
... to establish a process whereby all affected or concerned public and private sector interests may participate in the development of a habitat conservation plan and related agreement....
The nature of the MOU was further explained in paragraph four:
The HCP shall be in the nature of a plan, but it is anticipated that it may become part of regulatory orders, plans, permits and principles to be established or issued with respect to the study area [(North Key Largo)]. It is acknowledged and anticipated that in considering the HCP in the context of its own regulatory authority, each participating regulatory agency must and shall comply with the particular laws and regulations which pertain to its procedures and authority and that nothing in this MOU requires or contemplates that an agency will take any action contrary to or in violation of such laws or regulations in participating in the planning process or in adopting the HCP.
Membership in the HCP study committee, according to the MOU, was open to any individual or organization interested in participating; but all parties were free to withdraw from both the study committee and the MOU at any time, although a withdrawing party would remain obligated for costs and expenses to which it had been committed.
Petitioners assert that the Department erroneously denied their petition for a Section 120.57(1) formal administrative hearing challenging the Department’s participation in the MOU and the HCP study committee. We agree with the Department’s denial primarily on the ground that the MOU was not an agency, rule or order, and did not determine any interest of the petitioners. We further agree with the Department’s position that there is no basis for petitioners’ contention that the mere participation in development of the HCP, pursuant to the MOU, results in committing the Department to approval of development plans formulated by the HCP. The MOU itself clearly contemplates that the Department and all other participating agencies remain bound to comply with all laws and regulations pertaining to its procedures and authority. Petitioners’ allegation that the HCP .would allow future development in North Key Largo which would not be permissible under current Monroe County land use regulations and federal endangered species legislation is a mere legal conclusion without foundation. Any decisions by the Department to issue orders, permits or licenses for any development remains fully subject to review in accordance with applicable laws and regulations. As previously pointed out by this court in Manasota-88, Inc. v. Department of Environmental Regulation, 441 So.2d 1109 (Fla. 1st DCA 1983), until an application for a license or permit has been filed and notice of proposed agency action has been issued, there is no right (under section 403.12(5), Florida Statutes) on behalf of citizens to a section 120.57 hearing.
*264 We have considered the remaining issues and arguments raised by appellants and find them without merit.
The order appealed is AFFIRMED.
MILLS, SMITH, and THOMPSON, JJ., concur.