HALL, Judge.
In this appeal, Manasota-88, Inc. asks this court to reverse a decision of the Department of Environmental Regulation based upon factual issues and its claim of denial of its due process rights.
Agrico Chemical Corporation filed a permit application with the Department of Environmental Regulation (DER) to mine for phosphate within state wetlands. The DER failed to take action on the application within the ninety-day period prescribed by section 120.60(2), Florida Statutes (1989). Thereafter, the DER issued the permit by default, with conditions to be imposed later to ensure proper management of the mitigation plan for the project. Manasota was an intervening third party in the administrative proceeding in which that determination was made.
In reviewing decisions of the DER, this court must determine whether DER’s actions comport with the essential requirements of law and are supported by substantial, competent evidence.
As this court has repeatedly stated, it is a fundamental concept that an appellate court will not reweigh the evidence determined by a lower tribunal. Since we find the agency’s decision is supported by substantially competent evidence, we find no merit in Manasota’s first two issues involving questions of fact determined by the Department of Administrative Hearings (DOAH) hearing officer and the DER secretary.
We also find no merit in Manasota’s third issue regarding the denial of its due process rights. Manasota contends the DOAH hearing officer improperly denied Manasota’s motion in limine and its motion for a continuance with regard to the modified mitigation plan Agrico submitted at final hearing. Manasota argues that, since Agrico failed to inform Manasota of its new plan prior to hearing, Manasota was not accorded an opportunity to familiarize itself with the new information. We find, however, Manasota was allowed three additional weeks to present evidence that Agri- *783 co’s mitigation plan as modified was not feasible. Manasota failed to do so.
We additionally point out that Manasota failed to appeal an order denying a stay of the project. Since Agrico has completed all clearing operations under the permit, the wetlands question would appear to be moot.
In a cross-appeal, Agrico contends that Manasota had no right to intervene in the permit process once the DER defaulted under the provisions of sections 120.60(2) and 403.0876(2)(a), Florida Statutes (1989). Agrico argues that a default permit issues automatically without further agency inquiry. DER is thus prevented from conducting subsequent proceedings in which third parties may intervene. Agrico further contends that there would be enormous potential for agency abuse if DER were permitted to hold proceedings to impose conditions on default permits.
We agree with the decision in Manasota-88, Inc. v. Dept. of Environmental Regulations, 441 So.2d 1109 (Fla. 1st DCA 1983), wherein the court held that a third party, such as Manasota, is entitled to participate as a party in environmental permit proceedings. A party, however, may not intervene in that type of proceeding until the DER gives formal notice of the action it intends to take regarding a pending permit application. Consequently, Manasota properly filed its petition disputing the merits of Agrico’s application after publication of the DER’s notice of intent to issue the default permit.
In Manasota-88, Inc. v. Tremor, 545 So.2d 439 (Fla. 2d DCA 1989), we held that, though the DER must accept the DOAH’s findings of fact with regard to dredge and fill permit applications, it is not obligated to accept its legal conclusions. Consequently, when the DO AH concluded as a matter of law that no evidentiary hearing was necessary in a default permit situation, and that Manasota had no right to intervene, we found the DER properly rejected that finding and demanded a hearing to resolve factual issues.
We do not agree with Agrico’s position that a default permit issues automatically without further agency inquiry. Nothing in the statute prevents DER from holding a hearing to determine reasonable mitigative conditions necessary to protect the interests of the public and the environment, prior to issuing a default permit. A party who finds conditions placed on a default permit onerous and unreasonable, may resort to the appellate process for relief.
In addition, while it is true that third parties have no right to intervene to prevent the operation of a default itself, we find no authority precluding intervention in a subsequent proceeding to determine facts relevant to the imposition of appropriate conditions on a default permit.
We therefore find no abuse of discretion and affirm the agency action.
SCHOONOVER, C.J., and SCHEB, J., concur.