906 So.2d 1202 (2005)
Donald G. TUTEN, Appellant,
v.
STATE of Florida DEPARTMENT OF ENVIRONMENTAL PROTECTION, Appellee.
No. 4D04-1253.
District Court of Appeal of Florida, Fourth District.
July 20, 2005.
*1203 Frederick M. Dahlmeier of Cromwell & Dahlmeier, P.L., North Palm Beach, and John Beranek of Ausley & McMullen, Tallahassee, for appellant.
Francine M. Ffolkes, Tallahassee, for appellee.
POLEN, J.
This appeal arises from the issuance of a default permit to Appellant, Donald Tuten ("Tuten"), from the Appellee, the Florida Department of Environmental Protection ("DEP"). We reverse the DEP's issuance of the default permit and remand jurisdiction to the DEP to allow it to conduct an administrative hearing, pursuant to this court's instruction in Tuten v. State of Florida, Department of Environmental Protection (Tuten I), 819 So.2d 187 (Fla. 4th DCA 2002).
Tuten submitted an application to the DEP seeking permission to dredge a canal to provide material for a house pad. Id. at 187-88. As a result of extensive delay, primarily due to the bouncing back and forth of Tuten's application between the DEP and the South Florida Water Management District, this court held that pursuant to sections 120.60(1) and 403.0876, Florida Statutes (2000), DEP must issue a default permit to Tuten. Id. at 189. However, this court added:
We do not find . . . that requiring the issuance of the permit precludes the DEP from taking measures to protect the environment. The Second District has held that the statutes allow the DEP to hold a hearing "to determine the reasonable mitigative conditions necessary to protect the interest of the public and the environment, prior to issuing a default permit." Manasota-88, Inc. v. Agrico Chem. Co., 576 So.2d 781, 783 (Fla. 2d DCA 1991). If a party finds the conditions imposed "onerous or unreasonable," the appellate courts are available for review. Id.

We reverse and remand to the DEP to issue a default permit after a hearing to determine if conditions should be imposed to insure the protection of the environment.
Id. Almost two years later, with no default permit or evidentiary hearing in sight, Tuten filed a Motion to Show Cause asking why a default permit without any conditions should not be granted because of the lack of an evidentiary hearing over this span of time. Eleven days later, the DEP issued a permit with general and specific conditions believed necessary to protect the interest of the public and the environment. Contained within the permit was a notice of Tuten's rights. Pursuant to sections 120.569 and 120.57, Florida Statutes, the default permit and all conditions set forth therein are final unless a sufficient petition for an administrative hearing is timely filed (21 days). Tuten failed to *1204 petition for an administrative hearing, choosing instead to file the instant appeal more than twenty-one days later, bringing the case to this court once again.
We reverse the DEP's issuance of the default permit and remand jurisdiction to the DEP to allow it to conduct an evidentiary hearing on the issue of conditions to be placed on the permit. Pursuant to this court's ruling in Tuten I, the DEP must conduct an administrative hearing prior to the issuance of the default permit. "When the mandate was received by the [DEP], the [DEP] should have carried and placed into effect the order and judgment of this Court. Absent permission to do so, the [DEP] was without authority to alter or evade the mandate of this Court." Stuart v. Hertz Corp., 381 So.2d 1161, 1163 (Fla. 4th DCA 1980).
GUNTHER and WARNER, JJ., concur.